(68 App. Div. 134.)

## HICKS v. MONARCH CYCLE MFG. CO.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

**1. CONVERSION—DAMAGES—VALUE—ADMISSIONS—EVIDENCE.**

Where, on leaving a bicycle and models of an improvement with a manufacturer, which the manager stated they wished to send to their experts at a distant factory, plaintiff said it cost him $1,000, and he did not want to let it out of his sight unless a valuation was placed on it, to which the manager replied that that would be all right, and they would send it at their own risk, and gave a receipt stating that they received it "for examination and return. Value $1,000,"—such statements and receipt are admissible, in an action for failure to return, as admissions by defendant as to the value.

**2. SAME—COST TO REPRODUCE A PART.**

In an action for failure to return a bicycle and models left with a manufacturer for examination, evidence of what it would cost to reproduce the models alone was properly excluded.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by John B. Hicks against the Monarch Cycle Manufacturing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles A. Wendell, for appellant.

L. A. Wray, for respondent.

PATTERSON, J. . Upon the trial of this action the plaintiff recovered a verdict for the breach of a contract to return on demand certain personal property which had been delivered into its possession by the plaintiff. The allegations of the complaint are that at the defendant's request the articles—a bicycle and models—were delivered to it upon the promise to return them on demand; that demand for their return had been repeatedly made, but that the defendant had failed and refused to return them. Damages were claimed in the sum of $1,000. The defendant denied the allegations of the complaint respecting the delivery and promise to return, but admitted that demand had been made for such return, and set up affirmatively certain facts relied upon to excuse it from compliance with the demand. Upon the trial of the cause the plaintiff had a verdict for $1,000, and from the judgment entered upon that verdict, and from an order denying a motion for a new trial, this appeal is taken.

Concerning the special defense set up by way of excuse for not returning the property, no question now arises. The evidence upon that subject was put before the jury, and the court expressly charged that, if they believed the defendant's witnesses, then an excuse for not delivering that property had been made out, unless the jury found that the property was not received by the defendant at its risk. No exception was taken to the instruction given to the jury. A question, however, arose at the trial relating to the damages sustained by the plaintiff. He testified that in a conversation with

the defendant's manager the latter stated that he would like some of his experts at a factory in Chicago to see this personal property, and that the defendant would have to send it from the city of New York to Chicago; that the plaintiff replied that he·could not let it go unless a valuation was placed upon it, whereupon the defendant's manager asked at what it was valued, and the reply was made, "It cost me a thousand dollars, and I would not like it to go out of my sight unless I had a value placed upon it; and the manager said that that would be all right, and then they said they would send it at their own risk, and be responsible for it, and they directed it to be crated, and sent by express." The defendant's counsel then moved to strike out that part of the testimony relating to any agreement made as to a value to be placed upon the wheel, on the ground that it is not contained in the complaint, which motion was denied, and an exception taken. Subsequently the plaintiff put in evidence a receipt in the following words: "Recd. one bicycle from J. B. Hicks for examination and return. Value $1,000." This was signed by the manager of the defendant. It was then shown that with the bicycle were sent two models of machinery to increase velocity of a bicycle without additional labor, and that it had cost the plaintiff $1,000 to construct the wheel and models. The defendant's counsel then moved again to strike out testimony relating to any agreed value placed on the wheel at the time of its delivery on the ground that it was not pleaded; that the plaintiff had sued in conversion, and that it was sought to prove an express contract. The action was not in conversion, but was based upon the facts set forth in the complaint, namely, the express contract to return on demand. Upon proof of the failure of the defendant to comply with the demand, the plaintiff was prima facie entitled to recover, and the amount of the damages sustained alone remained to be proven. The defendant's contention is, in substance, that, liquidated damages agreed upon by the parties being part of the contract, that part of the contract should have been pleaded. But it is not claimed as matter of fact that the defendant, through its manager, specially agreed or stipulated to pay $1,000 if the personal property were not returned. The value of the articles was a matter of evidence. The proof offered was of an admission on the part of the defendant's representative that those articles were worth that sum, and that evidence was given for the purpose of avoiding the necessity of giving any other proof.

The defendant, at the trial, also offered evidence of an expert as to what it would cost to reproduce such models as were lost, and which had been delivered by the plaintiff to the defendant. That evidence was objected to, and excluded, and an exception was taken. It related only to the models, and not to the other property. The ruling was proper, for the evidence sought to be given did not relate to any rule of damage applicable in the case.

No other questions are raised on the record, and the judgment and order should be affirmed, with costs.

O'BRIEN and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I do not think that there was sufficient evidence to show that the damages were liquidated, nor that the facts were such that the rule as to liquidated damages would apply.